UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES RAY ROBERTSON** | **CIV. ACTION NO. 3:22-05276** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CLIFFORD OLSEN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, are two motions filed by Defendants Clifford Olsen and OSC-Management, Inc.: a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 6] and a motion for more definite statement [doc. # 17]. The former motion is opposed, but the latter is not. For reasons stated below, it is recommended that the motion to dismiss be DENIED, but that the motion for more definite statement be GRANTED.

### Background

On September 19, 2022, Charles Ray Robertson ("Robertson"), who is representing himself in this matter, filed the instant complaint against Defendants Clifford Olsen and OSC-Management, Inc. to recover $1 million in compensatory and punitive damages that he suffered as a result of his March 23, 2022 wrongful eviction from the Martin Luther King Apartments in Tallulah, Louisiana. (Compl.). Robertson alleged that Olsen Security Properties discriminated against him because of a Tenant Background Screening Report, which revealed his criminal history that was over 20 years old. *Id*. Nonetheless, the manager of the apartment complex, Jennifer Bolinder-Thomas, continues to reside at the Martin Luther King Apartments with her husband, Marquis Thomas, who is a convicted felon, with another pending felony charge. *Id*.

When asked on the standard form complaint to indicate the basis for federal court jurisdiction, Robertson checked the box for federal question. *Id*. However, he then cited a *state* law, Louisiana Revised Statute § 51:2606, as the purported basis for federal question jurisdiction. *Id*.

On November 30, 2022, Defendants filed the instant Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Defendants emphasize that Robertson identified a state statute as the basis for his cause of action, but state law claims do not confer federal question jurisdiction.

On January 3, 2023, Robertson acknowledged that he had incorrectly cited a state law statute, and, consequently, sought leave of court to amend his complaint to set forth the correct federal statutes(s), 42 U.S.C. §§ 3601-3619, 3631, i.e., the Fair Housing Act. *See* M/Amend Compl. The court granted the motion. (Jan. 5, 2023, E-Order [doc. # 15]).

Defendants did not withdraw their pending motion to dismiss in the wake of the amended complaint. Instead, on January 13, 2023, they filed the instant motion for more definite statement.

On January 18, 2023, Robertson filed an opposition to the motion to dismiss, in which he urged the court to deny the motion because he had filed an amended complaint to allege a violation of federal law. (Pl. Opp. [doc. # 19]).

Defendants did not file a reply brief in support of their motion to dismiss, and the time to do has passed. *See* Notice of Motion Setting [doc. # 7]. Moreover, Robertson did not file a response to the motion for more definite statement and the time to do so has passed. *See* Notice of Motion Setting [doc. # 18]). Accordingly, the motion is deemed unopposed. *Id*.

2

The matter is ripe.

## Analysis

**I.     Subject Matter Jurisdiction**

It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 1064 (2013) (citation and internal quotation marks omitted). Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Furthermore, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013)

(citations omitted).

"[F]ederal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted).  Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States.  *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).  Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting, *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-989 (5th Cir. 1988)).

In his amended complaint, Robertson alleged that Defendants violated the federal Fair Housing Act.  Robertson's plain invocation of federal law as the basis for his cause of action[1] suffices to support the exercise of federal question jurisdiction,  28 U.S.C. § 1331.  *See Cervantez, supra*.

## II.     More Definite Statement

Federal Rule of Civil Procedure 12(e) provides, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . ." FED. R. CIV. P. 12(e).  The Rule 12(e) motion for a more definite statement is disfavored. *Mitchell v. E-Z*

---

[1] Defendants did not challenge the sufficiency of the federal law claim at this time, and consequently, neither does the court.

*Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). This motion is granted only when the pleading addressed is so vague that the moving party cannot reasonably be expected to frame a responsive answer. *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D. La. 1995) (citing 5A Charles Wright and Arthur Miller, *Federal Practice and Procedure* § 1377 (1990)). Under Rule 8(a), the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). However, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

> Here, Defendants argued that the
> 
> amended complaint contains zero factual allegations and does not incorporate by reference the original complaint. Instead, the "statement of the claim" in Plaintiff's amended complaint consists of a list of references to the Fair Housing Act, none of which he relates to Defendants. As a result, the amended complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response.

(M/More Def. Statement, Memo., pg. 2).

Moreover, what is missing from the amended complaint are *factual* allegations (as opposed to conclusory assertions) to support Robertson's claims of discriminatory wrongdoing by Defendants. The court observes that the Fair Housing Act prohibits discrimination on the basis of certain protected characteristics, including race, color, religion, sex, familial status, or national origin. *See* 42 U.S.C. § 3604. Robertson has not shown how alleged discrimination on the basis of his criminal history transgresses the law.

In short, the instant complaint remains ambiguous, vague, and unclear. Under these circumstances, including the lack of opposition, together with the relative ease of the curative burden, the court finds that Robertson should be compelled to amend his complaint to set forth

specific facts to support his claims.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 6] filed by Defendants Clifford Olsen and OSC-Management, Inc. be DENIED.

IT IS FURTHER RECOMMENDED that the motion for more definite statement [doc. # 17] filed by Defendants Clifford Olsen and OSC-Management, Inc. be GRANTED, and that within fourteen (14) days from the court's entry of judgment on these motions, Plaintiff be granted leave to file an amended complaint to set forth a short and plain statement explaining his claims.  FED. R. CIV. P. 8(a)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 21st day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE