UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES RAY ROBERTSON** | **CIV. ACTION NO. 3:22-05276** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CLIFFORD OLSEN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 24] filed by Defendants, Defendants Clifford Olsen and OSC-Management, Inc. The motion is unopposed. For reasons detailed below, it is recommended that the motion be GRANTED.

## Background

On September 19, 2022, Charles Ray Robertson ("Robertson"), who is representing himself in this matter, filed the instant complaint against Defendants Clifford Olsen and OSC-Management, Inc. (collectively, "Olsen and OSCMI") to recover $1 million in compensatory and punitive damages that he suffered as a result of his March 23, 2022 wrongful eviction from the Martin Luther King Apartments in Tallulah, Louisiana. (Compl.). Robertson alleged that Olsen Security Properties discriminated against him because of a Tenant Background Screening Report that revealed his over 20-year-old criminal history. *Id*. However, the manager of the apartment complex, Jennifer Bolinder-Thomas, continues to reside at the Martin Luther King Apartments with her husband, Marquis Thomas, who not only is a convicted felon, but also has another pending felony charge. *Id*.

On his standard form complaint, Robertson indicated that the basis for federal court

jurisdiction was federal question, but he then he cited a *state* law, Louisiana Revised Statute § 51:2606, as the purported *federal* law that supported federal question jurisdiction. *Id*.

Robertson's reference to state law sparked a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 6] filed by Defendants Olsen and OSCMI, to which Robertson responded with an amended complaint that identified the federal statutes(s) that formed the basis for his claims: 42 U.S.C. §§ 3601-3619, 3631, i.e., the Fair Housing Act. *See* doc. #s 13, 15-16.

After Robertson's amendment, Olsen and OSCMI changed tack and filed a motion for more definite statement on January 13, 2023. [doc. #s 17-18]. Robertson did not file a timely response to the motion.

On April 5, 2023, the court denied Olsen and OSCMI's motion to dismiss for lack of subject matter jurisdiction but granted their motion for more definite statement and directed Robertson to file an amended complaint that set forth a short and plain statement explaining his claims. (Judgment [doc. # 21]). On April 12, 2023, Robertson filed a document entitled, "Response to More Definite Statement," wherein he realleged and embellished some of the facts that formed the basis for his suit. [doc. # 23].

On April 26, 2023, Olsen and OSCMI filed the instant Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted on the basis that the Fair Housing Act does not prohibit discrimination on account of an individual's criminal history.

Robertson did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting. [doc. # 25]. Accordingly, the motion is deemed unopposed. *Id*.

### Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state

2

a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. FED. R. CIV. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*.

3

Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

## Analysis

The Fair Housing Act ("FHA") prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. § 3604. Robertson, however, does not allege discrimination on any of these bases; rather, he alleges that he suffered discrimination because of his criminal history. The FHA, however, does not prohibit discrimination on the basis of criminal history. *Talley v. Lane*, 13 F.3d 1031, 1034 (7th Cir. 1994) (plaintiff's claim under the FHA has no basis in law because the FHA does not forbid consideration of the applicant's criminal record); *Hall v. Philadelphia Hous. Auth. City of Philadelphia*, Civ. Action No. 17-5753, 2018 WL 263318, at *2 (E.D. Pa. Jan. 2, 2018) (FHA does not preclude consideration of an individual's criminal record in housing decisions); *Evans v. UDR, Inc.*, 644 F.Supp.2d 675, 681 (E.D.N.C. 2009) (FHA does not prohibit landlords from denying a person's rental application based on his criminal record).

Ultimately, Robertson seems to complain that Olsen and OSCMI applied its criminal history policy in a discriminatory manner because the policy was used against him, but then not applied to the manager's husband. However, there is no indication that the alleged disparate treatment was related to a protected characteristic under the FHA or that Robertson's alleged comparator was similarly situated.

Accordingly, the court finds that Robertson's complaint, as amended, fails to state a claim for relief under the FHA.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Rule 12(b)(6) motion to dismiss [doc. # 24] filed by Defendants Clifford Olsen and OSC-Management, Inc., be GRANTED, and that Plaintiff Charles Ray Robertson's claims be DISMISSED, with prejudice, in their entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of July, 2023.

*[signature: Kayla Dye McClusky]*

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE